JOSEPH BARRETT & others *vs.* THE UNION MUTUAL FIRE INSURANCE COMPANY.

The by-laws of a mutual fire insurance company having provided, that any policy, issued by the company to cover property previously insured, should be void, unless the previous insurance should be expressed in the policy at the time it was issued; it was held that a policy, issued by the company, and made in terms subject to the conditions and limitations of the by-laws, in which policy a previous insurance on the property was not expressed, was void, even in the hands of an assignee without notice of the defect; although the insurers knew of the existence of such prior insurance, and of the intention of the assured that it should remain in force, and assented thereto; and although the policy was prepared by the insurers and delivered to the assured, as he supposed, pursuant to his said intention, without any knowledge on his part that the prior insurance was not mentioned therein; and although the amount insured by the policy, together with the amount of such prior insurance, did not exceed the value of the property insured.

It seems that an order indorsed by the assured on a policy issued by a mutual insurance company, to "pay the within in case of loss" to a mortgagee of the property insured, and assented to by the company, will enable the mortgagee, in case of loss, to maintain an action on the policy in his own name.

THIS was an action of assumpsit by the plaintiffs, as the commissioners of the sinking fund of the Western Railroad Corporation, against the defendants, a mutual fire insurance

company, established in Boston, on a policy of insurance against fire, originally issued in favor of Henry W. Nelson, and payable, in case of loss, to Josiah Quincy, Jr.

The policy witnessed that, in consideration that said Nelson, a member of the corporation, " agreeably to the by-laws of said company, hereunto annexed," had paid a certain sum and had bound and obliged himself to pay all sums assessed upon him, pursuant to the by-laws, he was insured on certain buildings therein described, against loss or damage by fire, under the conditions and limitations expressed in the by-laws, and subject to the lien given by the thirty seventh chapter of the revised statutes upon the buildings and the land under and belonging to the same, the sum of $2600. In the margin of the policy, was a memorandum that $2600 on the same premises was insured with the State Mutual Fire Insurance Company.

The charter and by-laws of the defendants were annexed to the policy. The fourteenth article of the by-laws provided, in conformity with the Rev. Sts. *c.* 38, § 28, that " not more than three fourths of the value of any building shall be insured by this company, and as much less as may be agreed upon." The fifteenth article provided as follows : " All policies which may issue from this company, to cover property previously insured, shall be void, unless such previous insurance be expressed in the policy at the time it be issued."

On the policy was indorsed a relinquishment, by Josiah Quincy, Jr., of his interest therein, and also the following : " Pay the within, in case of loss, to the commissioners of the sinking fund of the Western Railroad Corporation, as mortgagees. H. W. NELSON. Consent, ENOCH HOBART, President."

At the trial before the jury, on the opening of the plaintiffs' case, it appeared that at the time of the execution and delivery of the policy in suit, there was a prior insurance in favor of Henry W. Nelson, then existing and in force, and intended to be kept in force, to the amount of $2000.

Upon this fact appearing, the defendants insisted that as it was not mentioned in this policy, the policy was void by the

terms of it, according to the by-laws of the defendants referred to therein.

In answer to this ground of defence, the plaintiffs offered to prove by parol, that the fact of the existence of such prior insurance and its amount, and the understanding of the party insured, that such prior insurance was to stand and remain in force upon the property, were made known to the defendants, and assented to by them, prior to the making of this policy, and pending the negotiation therefor, and down to the time of the execution and delivery thereof; that this policy was prepared by the defendants, and delivered to the assured, as he supposed, in execution of and according to the intention aforesaid; that he did not read the policy at the time of taking it, nor afterwards; that nothing was said to him about the fact of such prior insurance not being stated in it, and that neither he nor the plaintiffs knew that such fact was not stated in the policy, until after the loss; and that the amount agreed to be insured by the defendants and by the State Mutual Company, mentioned on the margin of the policy sued upon, together with the amount of such prior insurance so notified to the defendants, did not exceed the value of the property insured. The defendants objected that such testimony was incompetent and inadmissible.

It was agreed that after the application for insurance in the present case, the president of the defendants, and the president of the State Mutual Fire Insurance Company (which gave a similar policy,) examined the buildings to be insured, and informed the applicant that the amount of $5200, insured by both policies, was the highest valuation which they could put upon three fourth parts thereof, and was therefore all the risk which they could take upon the same.

The case was submitted upon the foregoing statement, with the agreement that if the court should be of opinion, that the foregoing evidence would be competent, the case was to be sent to a jury upon the facts; but if the court should be of a different opinion, or that the plaintiffs could not maintain any action on this policy, by reason of their not being in law members of the company, or insured by the policy declared on, or

otherwise, then the plaintiffs were to become nonsuit, and judgment be rendered for the defendants.

*R. Choate* and *Ellis G. Loring*, for the plaintiffs.    1. This action is properly brought in the name of the parties to whom the policy is payable.   *Delaware & Hudson Canal* v. *Westchester County Bank*, 4 Denio, 97; *Smith* v. *Atlantic Mutual Fire Ins. Co.* 12 Law Reporter, 408; *Farrow* v. *Commonwealth Ins. Co.* 18 Pick. 53, 56; 3 Bos. & Pul. 149, note; *Jessel* v. *Williamsburgh Ins. Co.* 3 Hill, 89; *Fuller* v. *Boston Mutual Fire Ins. Co.* 4 Met. 206, 209.

2. The failure to insert the fact of the prior insurance should not prejudice the plaintiffs, who are assignees without notice. *Charleston Ins. Co.* v. *Neve*, 2 McMullan, 237.

3. The evidence offered was admissible, on the ground that the acts of the defendants induced a reasonable belief on the part of the assured that the prior insurance was inserted in the policy, or its omission waived.   The defendants, therefore, should be estopped to set up this defence, or the evidence should at least have been left to the jury, as they might find the omission to state the prior insurance under the circumstances a constructive fraud, which would let in evidence to prove the parol contract. 1 Story on Eq. §§ 187, 193, 258, 330, 385, 391; *Jenkins* v. *Eldredge*, 3 Story R. 181; *Flagler* v. *Pleiss*, 3 Rawle, 345; 3 Stark. Ev. (4th Amer. ed.) 1015, 1018, 1019; *Doe* v. *Allen*, 8 T. R. 147; 2 Smith Lead. Ca. (3d Amer. ed.) Hare & Wallace's note, 531; *Gregg* v. *Wells*, 10 Ad. & El. 90, 98, and cases cited; *Ivers* v. *Chandler*, 1 Chip. 48; *Stephens* v. *Baird*, 9 Cow. 274; *Frost* v. *Saratoga Mut. Ins. Co.* 5 Denio, 154; *Coggs* v. *Bernard*, Ld. Raym. 909; *Foster* v. *Essex Bank*, 17 Mass. 479; *Doorman* v. *Jenkins*, 2 Ad. & El. 256, 261, 262.

*C. G. Loring*, for the defendants, cited, to the point that parol evidence was inadmissible to prove the defendants' knowledge of, and assent to the prior insurance, *Holmes* v. *Charlestown Mut. Fire Ins. Co.* 10 Met. 211; *Carpenter* v. *Providence Washington Ins. Co.* 16 Pet. 495; *Jennings* v. *Chenango County Mut. Ins. Co.* 2 Denio, 75; *Higginson* v. *Dall*, 13 Mass. 96; *Whitney* v. *Haven*, 13 Mass. 172; *Parks* v. *General Int.*

*Ass. Co.* 5 Pick. 34; *Weston* v. *Emes*, 1 Taunt. 115; *Flinn* v. *Tobin*, Mood. & Malk. 367; *Meres* v. *Ansell*, 3 Wils. 275.

FLETCHER, J. It is maintained by the defendant, that this policy is void, because there is no mention in it of the prior policy of $2000, as is expressly required by the fifteenth article of the by-laws to which reference was made in the policy. That the existence of this prior policy was a very material fact, there can be no doubt.

The defendants are restrained by their own by-laws, as also by the statute, from insuring more than three fourths of the value of any building; for the purpose, and with the design, of leaving the insured his own insurer for the remaining quarter part. It is manifestly important to the insurers, that the insured should thus have a common interest with them in the preservation of the property. It is therefore expressly provided, by the fifteenth article of the by-laws of the defendants, that all policies issued by them upon property previously insured shall be void, unless such previous insurance is mentioned in the policy at the time it is issued. These by-laws of the defendants are annexed to the policy, and are expressly referred to as proving the conditions and limitations upon which the insurance is made, and thus expressly form a part of the contract of insurance. Now, in point of fact, at the time when this policy was issued, there was a previous insurance which was not expressed, nor in any way mentioned or referred to in the policy. By its own express terms, therefore, this policy is void. The position, that the policy is thus void, upon the facts stated, is sustained by numerous and decisive authorities. *Jackson* v. *Mass. Mut. Fire Ins. Co.* 23 Pick. 418; *Liscom* v. *Boston Mut. Fire Ins. Co.* 9 Met. 205; *Holmes* v. *Charlestown Mut. Fire Ins. Co.* 10 Met. 211; *Roberts* v. *Chenango County Mut. Ins. Co.*, 3 Hill, 501; *Carpenter* v. *Providence Washington Ins. Co.* 16 Pet. 495; *Jennings* v. *Chenango County Mut. Ins. Co.* 2 Denio, 75. In truth, the counsel for the plaintiffs do not deny, but admit, that the policy is void, unless the omission to state the previous insurance in the policy can be supplied or remedied by parol evidence. The principal question therefore in this case is, whether or not

the parol evidence offered by the plaintiffs for this purpose was admissible. The decision of this question depends upon a very familiar and well settled principle of law. It is a general rule, that parol evidence can never be received to contradict or materially vary the terms of a written agreement. This is undoubtedly a wise and salutary rule, though if it be understood in too literal and broad a sense, it may exclude the admission of parol evidence, in cases in which it is usually received, to justify a construction which could not otherwise have been adopted. In all cases, where a sensible interpretation can be put upon the policy without the aid of parol evidence, the effect of such evidence is materially to vary the legal construction of the contract of the parties.

The true meaning of the rule excluding parol evidence is, that such evidence shall never be used to show that the intention of the parties was directly opposite to that which their language expresses, or substantially different from any meaning that the words they have used, upon any construction, will admit or convey. In the present case, it is quite clear that the parol evidence is offered to show that the intention of the parties was substantially different from any meaning, that the words they have used, upon any construction, will admit or convey. The manifest effect was to substitute an oral contract for that which is contained in the written instrument. The evidence was not offered for the purpose of aiding in putting a construction upon the policy, as it is, according to its true intent and meaning; but to show that the intention of the parties was materially different from any meaning, that the words which they have used, upon any construction, will admit of or import. This would in fact be substituting an unwritten in the place of the written contract; the unwritten differing essentially from the written one.

It was said in the argument, that there was a mistake or fault, on the part of the defendants; that the policy was prepared by the defendants; and that they should have expressed in it the prior policy, and omitted to do so by design or by wilful negligence; and that the assured did not read it, but supposed that the prior policy was expressed. The assured

certainly had abundant opportunity to read the policy, and need not have accepted it, if it was not satisfactory to him, according to the agreement of the parties. If the assured accepted the policy, without looking at it, or knowing what it was, he would seem himself to be liable to the charge of culpable negligence made against the defendants. But if from mistake or fraud an agreement is so defective, that instead of conveying the meaning of the parties, it expresses a different or opposite intent, if relief can be given at all, it must be sought exclusively in a court of equity. A court of law must act on the agreement as it is ; it cannot strike out or change any part or add any thing to it, so as to contradict or vary the agreement contained in the written instrument. The parol evidence offered in this case was therefore clearly not admissible ; and taking the policy as it is, the plaintiffs cannot recover. The plaintiffs, being assignees of the policy, can have no better right to recover than the original party insured.

It is unnecessary to decide the question, whether the plaintiffs can maintain this action in their own name. But as the plaintiffs had an insurable interest in the property, and took the policy with the consent of the defendants to pay the loss to them, there would not seem to be any reason why they should not recover the loss, in this form of action. But if they could not recover in this form of action on the policy, it would seem that they might recover in their own names upon a proper count upon the express promise of the defendants to pay the loss to them, if the defendants were liable to pay the loss to any one.     *Plaintiffs nonsuit.*